## PAYTON v. MAUPIN.

No. 33373. March 7, 1950.
Rehearing Denied March 28, 1950.

*216 P. 2d 331.*

A. E. Pearson, of Oklahoma City, for plaintiff in error.

Sam S. Gill, of Oklahoma City, for defendant in error.

JOHNSON, J. The parties to this action occupied reverse relative positions in the trial court, and they will be so referred to hereafter.

This is an action for the recovery of a real estate broker's commission claimed to be due plaintiff as a result of plaintiff having obtained a buyer for an apartment house located in the city of Shawnee, Oklahoma, which was listed with him for sale.

Issues were joined, jury waived, and the case was heard by the court. Judgment for plaintiff, and defendant appeals.

The defendant contends that the listing contract provided that a binding contract of sale of said property by plaintiff was mandatory within 30 days from the date of the listing contract. On the other hand, it is the contention of the plaintiff that he was only required to find a buyer within said specified time who was ready, able and willing to buy on terms and conditions proposed by defendant, owner; that if there was delay of six days beyond the specified date it was occasioned solely by the defendant.

The real estate broker's contract provides:

"Oklahoma City, Okla.
"7-24-1946

"Mr. John A. Maupin
"Oklahoma City, Oklahoma

"Dear Sir:

"I want to dispose of my property at Shawnee, Okla.

"I have furnished you a prospect, Dr. Jack Baxter, who may be a buyer.

"I desire to net $25,000.00.

"All furniture belongs to renters except North West Apt upstairs and my own apartment. Sell the place without the furniture. If we sell furniture, I will inventory same above sale sale price.

"If you sell above $25,000.00 you can have $1,000.00.

"If you can get, if it gets close to a deal and I decide to sell for $25,000.00 gross, I will pay you $500.00.

"If I sell to Dr. Jack Baxter or any one as his agent or through whom he may get the property, I will keep the above terms.

"This employment to expire 30 days from date.

"(Signed)    Dr. Ruth H. Payton"

The contention of the defendant is untenable. Obviously, this contract only provides that the broker will procure a buyer within the 30-day period who is ready, willing and able to purchase on terms and conditions proposed by the owner (defendant). The contract of sale was between the buyer and the seller (defendant).

The record reveals from the pleadings, exhibits and evidence that defendant employed plaintiff to procure for her a buyer within thirty days from July 24, 1946, who was willing, able and ready to buy; that plaintiff immediately contacted Mr. Bowles who agreed to purchase the property for the sum of $26,000 if he could secure a loan at this price; that plaintiff's commission was $1,000; that on the same day (July 24, 1946) plaintiff and Bowles took floor measurements, secured an inspection by the loan company, and the loan was approved on August 16, 1946. The abstracts were turned over to the purchaser, Bowles, and extended to August 19, 1946. The abstract was then delivered by the purchaser to his attorney, who, on August 26, 1946, submitted a written opinion stating certain title requirements. After a five-day delay, the purchaser agreed to assume the burden of meeting them at seller's expense of recording; that thereafter, on August 31, 1946, these negotiations were embodied in a written contract between defendant (seller) and Bowles, (purchaser), which in substance recites that he put up a $2,500 deposit with the contract and that he had thirty (30) days to raise the rest of the money, and upon failure to do so said deposit would be forfeited as liquidated damages. Unquestionably, plaintiff procured this buyer within the terms of his broker's contract, and it was by reason of the negotiations with the real estate broker, plaintiff, and the contract of sale between the defendant (seller) and Bowles (purchaser) that the sale was consummated on the 26th day of September, 1946, agreeably to both the seller, defendant and purchaser, Bowles. Therefore, the contention of plaintiff must be sustained.

In Worley v. Carroll, 110 Okla. 199, 237 P. 120, this court said:

"Where a brokerage contract created an exclusive agency for a term of 60 days, and provided compensation for the broker in the event such broker would produce a responsible party ready, able, and willing to contract, held that the securing of such responsible party within the 60 days and the introduction of said party to the owner was a sufficient compliance with the brokerage contract, although a written contract for the signature of the owner was not presented until the sixty-first day."

A careful examination of the record discloses no prejudicial error, and the judgment of the trial court is affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur. ARNOLD, V.C.J., concurs in conclusion.